UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALASSANE SALL                           ,              Dkt No:

                                        Plaintiff

            —against—

                                                       AMENDED COMPLAINT

REPUBLIC OF SENEGAL, PERMANENT
MISSION OF SENEGAL TO
THE UNITED NATIONS and ALIOUNE FALL
(in his official and individual
capacity)GASTON MBENGUE( in his official
and individual capacity) and ALASSANE SOCK
 in his official and individual capacity) FARBA NGOM
 in his official and individual capacity)
John Doe#1, John Doe#2 (aka "KING KONG") and
John Doe#3

                                        Defendants

-----------------------------------------------------------------X

NOW COMES ALASSANE SALL by and through his attorney, REHAN NAZRALI, ESQ. as and for

his complaint against the Defendants, and respectfully shows to this Court and allege as follows:

### INTRODUCTION

1.  This is an action at law to redress the deprivation by Defendants, acting in violation of the Foreign

    Sovereign Immunity Act (FSIA), ordinance, regulation, custom and/or usage, of a right, privilege

    or immunity secured to Plaintiff by the laws and the Constitution of the United States of America

    with intent to injure Plaintiff in his person and his civil rights, all of which arise under Federal

    Law, particularly Title 28 U.S.C. §§ 1605(a)(5) and the Constitution, Laws and Statutes of the

    United States and the State of New York.

### JURISDICTION AND VENUE

2.  This action arises under Federal Law, particularly Title 28 U.S.C. §§ 1605(a)(5), the United States

    Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to

the Constitution of the United States. This Court also has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§ 1330, and 1331. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendant state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this district under 28 U.S.C. § 1391(b).


## THE PARTIES

4.  At all times hereinafter mentioned, Plaintiff, ALASSANE SALL,(hereinafter "Plaintiff") was a resident and still is a resident of the County of Bronx, City and State of New York.

5.  Upon information and belief, that at all times relevant herein, Defendant REPUBLIC OF SENEGAL (hereinafter "SENEGAL"), was and still is a Foreign Sovereign State duly recognized as such by the United States Department of State.

6.  Defendant Republic of Senegal maintains a PERMANENT MISSION OF SENEGAL TO THE UNITED NATIONS (hereinafter "MISSION") located at 747 3rd Avenue, 21st Floor, New York, New York 10017 in the County, City and State of New York under and by virtue of the Vienna Convention on Diplomatic Relations applicable to the Republic of Senegal, notwithstanding it is not a party to the Convention, by virtue of 22 USC § 254(b).

7.  Upon information and belief, that at all times relevant herein, the Defendant SENEGAL, its agents, servants, officers and employees, owned, operated, maintained, controlled, leased, rented and supervised, the aforesaid MISSION and sub-offices, to wit, MAISON DE SENEGAL MISSION OFFICE located at 229 East 44th Street, New York, NY 10017 as, agencies and/or instrumentalities of Defendant SENEGAL in the County, City and State of New York.

8.   Upon information and belief, that at all times relevant herein, the Defendant SENEGAL, its agents, servants, officers and employees, owned, leased, rented, operated, maintained, controlled and supervised the aforesaid MISSION's business, affairs and relations conducted thereof

1

including the possession, maintenance, control, supervision of sub-offices, to wit, MAISON DE SENEGAL MISSION OFFICE and in the County of New York, City and State of New York.

9.   Upon information and belief, that at all relevant times hereinafter, the Defendant SENEGAL through and by its Defendant MISSION employed  agents, servants, officers and employees who operated, maintained, managed, supervised and controlled the Defendant MISSION thereof, in particular Defendant ALIOUNE FALL (hereinafter FALL) who was official, employee and or an agent of  Defendant SENEGAL and/or MISSION.

10.  Upon information and belief, that at all relevant times hereinafter, the Defendant SENEGAL through and by its Defendant MISSION employed  agents, servants, officers and employees who operated, maintained, managed, supervised and controlled the Defendant MISSION thereof, in particular Defendant ALASSANE SOCK (hereinafter SOCK) who was an official employee and or agent of  Defendant SENEGAL and/or MISSION.

11.  Upon information and belief, that at all relevant times hereinafter, the Defendant SENEGAL and or through and by its Defendant MISSION employed  officials, agents, servants, officers and employees who operated, maintained, managed, supervised and controlled the Defendant MISSION thereof, in particular Defendant GASTON MBENGUE (hereinafter MBENGUE) who was an official, employee and or an agent of Defendant SENEGAL and/or MISSION

12.  Upon information and belief, that at all relevant times hereinafter, the Defendant SENEGAL through and by its Defendant MISSION employed  agents, servants, officers and employees who operated, maintained, managed, supervised and controlled the Defendant MISSION thereof, in particular Defendant FARBA NGOM (hereinafter NGOM) who was an official, employee and or agent of Defendant SENEGAL and/or MISSION.

13.  Upon information and belief, at all relevant times hereinafter mentioned, and particularly, on or prior to September 21, 2021 and September 22, 2021, Defendants FALL, MBENGUE, SOCK and NGOM were officials, agents, and or employees of Defendants SENEGAL and/or MISSION

working, among other things, as a security related personnel, responsible for among other things, managing security for defendant MISSION regarding visits by SENEGALESE officials, diplomats and leadership while they visited and or attended the United Nations annual General Assembly meetings in New York City.

<u>FACTS</u>

14.  That upon information and belief on September 21st, 2021, the Senegalese president Macky Sall was in New York City to attend The United Nations General Assembly.

15.  That upon information and belief on September 20, 2021  President Macky Sall came with his staff and friends to the defendant MISSION in New York City located at 245 E 44th St, New York, NY.

16.  That upon information and belief there is a vital, active and vociferous group of overseas and or diaspora Senegalese who reside in the the United States, and in particular in New York City who democratically oppose President Macky Sall's autocratic policies and practices as president of Senegal (hereinafter Opposition)

17.  That upon information and belief this Opposition became aware that President Macky was scheduled to appear and present a speech on September 21st, 2021 to the United Nations.

18.  That upon information and belief this Opposition lawfully, and peaceably did assemble at or near Defendant MISSION for the purposes of protesting and to show him their disagreement about his policies and management.

19.  That Plaintiff ALASSANE SALL was and is among the diaspora Senegalese of New York City who opposed and opposes President Macky's autocratic policies and management of Senegal.

20.  That on the morning of September 21, 2021 around 9 a.m. thereof, several members of the Opposition had lawfully assembled across the street from  the defendant MISSION at 245 E 44th Street, NY, NY, and more precisely on 44th Street between 2nd and 3rd Avenues,, among them

was Mr. Mouhamadou Lamine NDIAYE (hereinafter NDIAYE), a fellow opposition member and friend of Plaintiff

21. That upon information and belief Mr NDIAYE appeared at the aforesaid location at about 9:43 am with his police permit (see attachment) allowing the opposition members to protest and show our concerns to the president.

22. That upon information and belief when Mr Ndiaye assembled himself lawfully in thereof he was confronted and accosted by persons employed and or agents of Defendant Senegal and MISSION who began to harass and disrupt the lawful protest.

23. That these persons and /or individuals who began harassing Mr Ndiaye and the other members of the opposition began to question him impermissibly demanding that he answer questions about his political affiliation and support.

24. That upon information and belief Mr Ndiaye, finding the questions provocative did not answer them.

25. That upon information and belief the persons and or individuals who had asked Mr Ndiaye the harassing questions consisted of among other persons, wrestlers, bodyguards, politicians, etc. including

26. That upon information and belief these persons then did violently snatch the protest signs from Mr Ndiaye and a man with brown African outfit and gray shoes, poured water on him seeking to humiliate him in front of everybody.

27. That upon information and belief this group of persons employed and or deployed by Defendants MISSION and SENEGAL used the same violence and aggressiveness on another member of the Opposition also protesting with Mr Ndiaye, to wit, Mr Cheikh Gueye.

28. That Plaintiff, Alassane Sall, had just arrived by subway to the location, observed the violence the bodyguards, wrestlers and other assorted employees and agents of Defendant MISSION and

SENEGAL were meteing out to Messers Ndiaye and Gueye, approached the assailants and attempted to dialogue with them with the intent of defusing the violence.

29. That Plaintiff's attempt to defuse the conflict with words did not work and thus Plaintiff started recording the confrontation on his cell phone.

30. That was soon as Plaintiff started recording he was accosted by Defendant ALIOUNE FALL who began verbally insulting and abusing him

31. That Plaintiff and Messers Ndiaye and Gueye withdrew from the scene with the help of another member of the Opposition.

32. That while Plaintiff and Messers Ndiaye and Gueye were withdrawing from in front of the Mission to the other side of the street, an NYPD officer riding a motorcycle appeared at the scene and came and asked Mr Ndiaye what happened.

33. That once informed by Mr Ndiaye, the officer asked Mr Ndiaye, Gueye and Plaintiff to follow him to the MISSION so he could identify who were the persons who had attacked them.

34. That Messrs Ndiaye Gueye and Plaintiff proceeded to walk toward the MISSION from their location  on the east side of 44th Street on 3rd Avenue where they had withdrawn to.

35. That suddenly, three men, agents and or employees of Defendant SENEGAL and MISSION started walking toward them from 2nd Ave directly from the MISSION's location.

36. That among this group of three men was defendant ALIOUNE FALL.

37. That defendant FALL took advantage of the distance between Plaintiff and the Police officer and accosted him saying  in sum and substance: "you are not going to cross the street".

38. That suddenly defendant ALIOUNE FALL approached Plaintiff and pushed him with two hands causing him to fall backwards and strike his left thumb on the ground injuring it thereto

39. That while Plaintiff was falling to the ground Defendant ALIOUNE FALL also fell on top of him and began to wrestle with him.

40. That while Defendant ALIOUNE FALL was wrestling with Plaintiff, the other two men he was with, Defendants John Doe#1, a black male, Senegalese, the same height, weight and size as Defendant ALIOUNE FALL,  and John Doe#2 , a wrestler going by the moniker "King Kong"  a large, black male, of Senegalese origin, proceeded to attack Plaintiff while he was on the ground

41. That Defendant John Doe#1 did kick Plaintiff in the left rib while Defendant John Doe# 2 did grab the Plaintiff by his injured left hand and pulled him therefrom  injuring him.

42. That further on September 22, 2021, Plaintiff after receiving medical care regarding the injury occasioned to him by said defendants did return to vicinity of the Mission to continue with his protests and was once again assaulted, harassed, intimidated and prevented from his lawful protest by said agents and employees of Defendant SENEGAL

43. That on September 22, 2022, while Plaintiff was protesting against President Macky Sall in front of the Mission he was struck with a baton on his left ankle by uniformed security personnel of the mission, John Doe#3  to wit, a black male, six feet, about 200 lbs, wearing identifiable navy blue t-shirt with patch of the Senegalese flag on it.

44. That upon information and belief, said security personnel were operating pursuant to an existing security policy established by defendant SENEGAL and MISSION.

45. That upon information and belief further, on September 22, 2021, Defendant John Doe 2  aka "King Kong" along with other unknown persons, also agents and or employee of Defendant SENEGAL and MISSION did, in furtherance of said policy, did, upon instructions and directions of the aforesaid defendants NGOM, MBENGUE and SOCK  also push, pull, harass and seek to intimidate Plaintiff into ceasing his protest.

46.  That the actions of all Defendants were as a result of an existing official and unofficial policy and practices established by Defendant SENEGAL as a result of the directives and instructions of President Macky Sall and his officials, including but not limited to Defendants FARBA NGOM, GASTON MBENGUE, and ALASSANE SOCK, retainers to accost, deter and disrupt protests by

the Senegalese diaspora and opposition in New York City and was thus was variously, reckless, grossly negligent, negligent, negligent per se, intentional, wrongful and in bad faith, thus giving rise to punitive damages as to all Defendants with the exception of the Defendant SENEGAL.

47. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a.   Violation of his rights under the First Amendment to the Constitution

    b.   Life threatening physical injuries, pain and suffering, extreme fear, emotional trauma, requiring the expenditure of money for treatment for the rest of his life

    c.   economic damages including loss of income; and

    d.   Humiliation, embarrassment, and injury to reputation

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF**
**OF ASSAULT AS AGAINST DEFENDANT SENEGAL,**
**MISSION, FALL, MBENGUE, SOCK, NGOM AND JOHN DOES#1-3,**

48. That PLAINTIFF hereby incorporates by reference each and every preceding paragraphs 1 through 47, of this civil complaint as though fully plead and re-alleged in their entirety below.

49. That the above described assault that took place on September 21, 2021 and September 22, 2021 at the subject times and place by the defendant **SENEGAL** through and/or by the actions of its agents, servants, instrumentalities, agents and employees, namely defendants **MISSION**, **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** and constitutes intentionally, willfully, and maliciously assault upon PLAINTIFF in that said defendants, and in particular defendant **ALIOUNE FALL** and JOHN DOE#2 had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such contact to **PLAINTIFF** and that such acts caused apprehension of such contact in the person of PLAINTIFF.

50. That at all times relevant herein, defendants **MISSION, FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** were acting within the scope of their employment, under the authority, and in furtherance of the interest of their employer and principal, defendant **SENEGAL**

51. By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and PLAINTIFF will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and **PLAINTIFF** has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; will be unable to pursue usual duties with the same degree of efficiency as prior to this occurrence all to great damage.

52. That **PLAINTIFF** has been damaged and seeks relief and compensation in an amount not in an amount not less than $2,000,000.00 (two million) dollars as to this claim as against Defendant SENEGAL and is entitled to punitive and exemplary damages in the amount of $3,000,000.00 as to defendant's MISSION  **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,**

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## OF BATTERY AS AGAINST DEFENDANT SENEGAL,
## MISSION, FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,

53. That **PLAINTIFF** hereby incorporates by reference each and every preceding paragraphs 1 through 45, of this civil complaint as though fully plead and re-alleged in their entirety below.

54. That the above described battery through and/or by the actions of defendant **SENEGAL** its agents, instrumentalities, servants and employees, namely defendants **MISSION**,**FALL,**

**MBENGUE, SOCK, NGOM JOHN DOES#1-3,** constitutes intentionally, willfully, and maliciously battery upon **PLAINTIFF**, when Defendant **SENEGAL**, by and through its aforesaid agents, servants and employees, in particular, defendant ALIOUNE, did, in a hostile and/or offensive manner punch, push and kick PLAINTIFF about his body and person, causing same his left hand to be injured, did same without his consent and with the intention of causing harmful and/or offensive bodily contact to the person of **PLAINTIFF** and caused such battery.

55. That at all times relevant herein, defendants **MISSION**, **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** were acting within the scope of their employment, under the authority, and in furtherance of the interest of their employer and principal, defendant **SENEGAL**

56. By the reason of the foregoing, PLAINTIFF, was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration; will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and he has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and he will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence all to his great damage.

57. That **PLAINTIFF** has been damaged and seeks relief and compensation in an amount not in an amount not less than $2,000,000.00 (two million) dollars as to this claim as against Defendant SENEGAL and is entitled to punitive and exemplary damages in the amount of $3,000,000.00 as to defendant's MISSION **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,**

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST
### DEFENDANTS SENEGAL, MISSION, FALL, MBENGUE, SOCK, NGOM JOHN
### DOES#1-3 :

58. That **PLAINTIFF** hereby incorporates by reference each and every preceding paragraphs 1 through 57 of of this civil complaint as though fully plead and re-alleged in their entirety below.

59. That the Defendant **SENEGAL**, in its actions and or omissions, to wit both official and unofficial policy of harassing the Diaspora Opposition by and through the actions of its employees, agents or subagents, to wit the Defendants, **MISSION FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** engaged in extreme and outrageous conduct, namely the aforementioned assault and battery and harassment with the intent to cause, or with the intentional disregard of a substantial probability of causing, severe emotional distress to PLAINTIFF.

60. That at all times relevant herein, defendants, **MISSION FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** were acting within the scope of their employment, under the authority, and in furtherance of the interest of their employer and principal, defendant **SENEGAL**

61. That as a result of Defendant **SENEGAL'S** actions and or omissions, to wit both official and unofficial policy of harassing the Diaspora Opposition through and/or by the extreme and outrageous actions of actions of its employees, agents, instrumentalities and employees to wit the aforementioned Defendants **MISSION FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** PLAINTIFF was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain and severe emotional distress.

62. That such extreme and outrageous conduct shocks the conscious and **PLAINTIFF** demands damages there from each defendant acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to him. The acts and conduct of the defendants were

the direct and proximate cause of injury and damages to him and violated **PLAINTIFF'S** statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and the United States.

63. That PLAINTIFF has been damaged and seeks relief and compensation in an amount not in an amount not less than $2,000,000.00 (two million) dollars as to this claim as against defendant SENEGAL and is entitled to punitive and exemplary damages in the amount of $3,000,000.00 as to defendants MISSION,  **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,**


### AS AND FOR AN FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF FOR  GROSS  NEGLIGENCE
### AGAINST DEFENDANTS, SENEGAL and MISSION

64. That Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 63 of this Complaint as though fully pleaded and re-alleged in their entirety below.

65. Defendant SENEGAL and MISSION had a duty refrain from physically harming those persons lawfully assembled and protesting in front of its MISSION premises by employing properly trained and dedicated security services personnel to maintain an orderly, safe and hazard-free space and/or cordon for lawful protesters in or about its MISSION premises, sufficient to protect and preserve those protesters in and about the premises from any physical harm and or hazard emanating from the subject premises, specifically from violent, untrained, unsupervised employees and or agents acting in the scope of their employment, but outside of their official duties.

66. Defendants, SENEGAL and MISSION owed a duty to Plaintiff to maintain the subject premises of the MISSION and its lawful environs in a safe condition free of any hazard condition, including from their employees and agents acting in the scope of their employment and or agency, but outside of their official duties.

67.   That at all times relevant herein, defendants **MISSION FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** were acting within the scope of their employment, under the authority, and in furtherance of the interest of their employer and principal, defendant **SENEGAL**

68.   Defendants, SENEGAL and MISSION are vicariously liable for Plaintiff's  injuries as a result of Defendant, **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** actions, who Defendants SENEGAL and MISSION knew were not properly trained to address, manage or control Security matters including but not limited to managing peaceful and lawful protests.

69.   That Defendants **FALL, MBENGUE, SOCK, NGOM, and JOHN DOES#1-3,** lacked the required skills and necessary training to essentially act as security personnel, coupled with the existing official directives and instructions to harass the Senegalese diaspora and Opposition a negative perception of the Plaintiff and the opposition fomented and prior instances of gross negligence in security management, specifically, a similar incident involving OUSMANE TOUNKARA in 2019, thus it was foreseeable that the security for President Macky would be handled in a grossly negligent and reckless manner and would likely result in injury to Plaintiff and persons similarly situated as Plaintiff.

70.   That, the actions of Defendants **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** in confronting, inciting to violence and making impermissible harmful contact with Plaintiff, Defendants, SENEGAL and MISSION breached their duty of preventing such foreseeable harm.

71.   That Defendant SENEGAL and MISSION owed a duty to employ reasonable care to avoid harming individuals from assault, abuse, or injury at their hands or those of their servants, employees and agents, including Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,** .

72.   Defendants, SENEGAL and MISSION caused the Plaintiff to sustain injuries when they breached their duty to employ reasonable care to protect individuals from assault, abuse, or injury

by their servants, employees and agents when they exposed Plaintiff to Defendant, **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,**, who subsequently incited, instructed and or violently struck and pushed Plaintiff to the ground causing physical injury.

73. That Defendants SENEGAL and MISSION put Plaintiff in a position of danger by inciting, facilitating and or encouraging the attack at the hands of said Defendants and by creating a permissive environment for violent conduct; by demonizing the opposition and dehumanizing them subjecting them contempt of their employees and agents and by failing to intervene and protect Plaintiff, SENEGAL and MISSION are jointly liable for tortious conduct of their employees, agents, servants, personnel and or instrumentalities.

74. That the acts and omissions of Defendants, SENEGAL and MISSION, constituted a breach of their duty to refrain from physically harming Plaintiff by misconduct from their agents, servants and employees, namely **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** and by failing to intervene with **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,** before they confronted Plaintiff.

75. This breach caused Plaintiff to sustain legally cognizable physical, emotional and constitutional injuries.

76. Defendants, SENEGAL and MISSION, caused Plaintiff to be injured by their gross negligence, negligence, recklessness, carelessness and grossly negligent omissions and/or commissions and by that of its agents, servants and/or employees, including Defendant **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** acting within the course and scope of their employment but outside of their official duties, in that they failed to control, supervise, monitor, manage, restrain and intervene as against Defendants **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** from acting in a manner that was inconsistent with the proper use of force to maintain an orderly, safe and hazard-free space and/or cordon in or about its MISSION premises, sufficient to protect and

preserve those protesters, including Plaintiff, in and about the premises from physical harm emanating from the subject premises from untrained, unsupervised employees acting in the scope of their employment and or agency but outside of their official duties.

77.     Defendants, SENEGAL and MISSION caused Plaintiff to be injured by their gross negligence, negligence, recklessness, carelessness and grossly negligent omissions and/or commissions and by that of its agents, servants and/or employees including Defendant **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,**, acting within the course and scope of their employment, in that they failed to use due care under the circumstances.

78.     Upon information and belief, Defendants, SENEGAL and MISSION had actual and constructive notice of Defendant **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** lack of security training and propensity for violence complained of herein.

79.  By reason of the negligence of the Defendants, SENEGAL and MISSION and without any negligence or fault whatsoever on Plaintiff's' part, Plaintiff suffered personal injuries as previously set forth above in this complaint.

80.     Defendants MISSION, **FALL, MBENGUE, SOCK, NGOM, JOHN DOES#1-2,** actions were willful, wanton and demonstrated a callous disregard of Plaintiffs' life, health and safety. Their conduct was in violation of the public policy of the State of New York and merits an award of punitive damages.

81.  By reason of the foregoing acts of gross negligence by the Defendants, SENEGAL and MISSION, Plaintiff sustained damages in the sum of $1,000,000.00

**AS AND FOR A FIFTH  CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF FOR  NEGLIGENCE**
**AS AGAINST DEFENDANTS SENEGAL AND MISSION**

82. Plaintiff repeats and realleges the allegations contained in paragraphs 1-81 of this complaint as though fully set herein.

83.     At the relevant time and place described above Defendants, SENEGAL and MISSION were negligent  in that they failed to control, supervise, monitor, manage and restrain Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,** from acting in a manner that was inconsistent with the proper and lawful use of force to control and or manage protests by opposition members in front of their Mission; failed in training said defendants in that they were not properly trained and/or dedicated security services personnel trained in the proper use of force to maintain an orderly, safe and hazard-free space and/or cordon in or about its MISSION premises, sufficient to avoid harming those protesters, to wit Plaintiff, in and about the premises from physical harm emanating from the subject premises from untrained, unsupervised employees acting in the scope of their employment but outside of their official functions and duties from the aforesaid subject location and thus failed in its duty to protect and safeguard Plaintiff and/or others similarly situated persons from known and/or foreseeable harm to be occasioned as a result of such negligence.

84. That Defendants SENEGAL and MISSION were negligent in their aforesaid performance in that they failed to properly and lawfully address, manage, control and/or supervise a lawful political protest at or near its subject premises; failed to use proper, sufficient and/or adequate care in managing a lawful First Amendment protest at or near its subject premises; failed to properly instruct its non-security related employees and relevant security personnel regarding the lawful manner by which a lawful protest at or near its premises should be managed and/or controlled without posing a danger and/or hazard  to all persons so protesting threat by such untrained employees; failed to warn persons protesting at or near its subject premises that employees and or agents without proper security and protest management related training would be confronting them thereby presenting a potential hazard and/or danger to them; failed to train its employees and agents in the proper, efficient and appropriate techniques and/or procedures involved in managing, controlling, supervising First Amendment protests at or near its subject premises; failed to provide designated employees and agents with proper training and/or tools to manage and/or prevent falling

hazards relating to improper security personnel training; negligently encouraged its employees to use violence in order to quell protests.

85. That Defendants, SENEGAL and MISSION were negligent in their aforesaid performance to properly manage Plaintiff's First Amendment protest at the subject location in that it failed to provide a properly trained security personnel to manage said Plaintiff's protest, maintain the property in a reasonable safe condition to avoid foreseeable injuries, and employ reasonable care to protect individuals from injury at the hands of their servants, employees, and agents,  and thus allowed a dangerous and hazardous security-related condition to exist in and at the subject location causing and creating a dangerous and volatile condition to occur in front of the subject location.

86.    That  as a result of the foregoing Defendants SENEGAL and MISSION knew and or should have known that their negligence and/or failure regarding the employment and or agency of defendants **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-2,** to confront Plaintiff at the subject location, failure to maintain, manage and control the subject location reasonably safe to avoid foreseeable injuries, and failure to protect individuals from injury at the hands of their servants, employees, and agents including Defendant **FALL, MBENGUE, SOCK, NGOM JOHN DOES#1-3,,** would result in the creation of a dangerous and precipitous condition and hazard for all those persons including Plaintiff, protesting  threat.

87. That as a direct and proximate result of such negligence by Defendants SENEGAL and MISSION Plaintiff was caused to be seriously and permanently physically and mentally injured.

88.  That as a result of said injury, the Plaintiff was caused to endure extreme pain and suffering, loss of time from work and pay, diminished future earnings and quality of life.

89. By reason of the foregoing acts of negligence by the Defendants, SENEGAL and MISSION Plaintiff sustained damages in excess of the sum of $1,000,000.00

<u>**AS AND FOR A SIXTH CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFF FOR NEGLIGENT INFLICTION**</u>
<u>**OF EMOTIONAL DISTRESS AS AGAINST DEFENDANTS,**</u>

**SENEGAL AND MISSION:**

90. That Plaintiff hereby incorporates by reference each and every preceding paragraphs 1 through 89 of this Complaint as though fully pleaded and re-alleged in their entirety below.

91. That the above described incidents of September 21, 2021 and September 22, 2021 were caused and created by the Defendant SENEGAL through and/or by the actions of its agents, servants, instrumentalities and employees, namely Defendants MISSION, **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,** constitutes negligent infliction of emotional distress as against Plaintiff, in that the same injured Plaintiff accordingly when they breached their duty of care to properly train, instruct, supervise, control and manage security and or their security personnel deployed by them thereto to manage said Plaintiff's protest and failed to intervene, supervise, control, restrain and or to prevent their employees, agents, personnel, officials in proper and lawful use of force in confronting plaintiff; failed to maintain the security to the premises in a reasonable safe condition to avoid such foreseeable injuries; failed to employ reasonable care to protect individuals including Plaintiff who were lawfully protesting in front of their subject premises from injury at the hands of their servants, employees, officials and agents.

92. That the aforesaid Defendants SENEGAL and MISSION knew, or should have known that Plaintiff should not have been pushed and/or contacted physically in a manner inconsistent with the proper and lawful use of force to manage such lawful protests that resulted in an unwarranted physical injury to Plaintiff, but thus engaged in such negligent conduct which is not expected or to be tolerated in a civilized society.

93. That the aforesaid defendants SENEGAL and MISSION  in failing to control its employees from the use of impermissible force and physically harming an individual while he was exercising his First Amendment right acted in a manner that was extreme or outrageous as it prohibited him from

continuing to exercise his fundamental rights under the Constitution, thus negligently inflicted emotional distress on Plaintiff.

94. Defendants negligently inflicted emotional distress on Plaintiff by failing to avoid harming plaintiff, by failing to use the proper use of force to manage Plaintiff's lawful protest, by interfering with Plaintiff's civil rights by threats, coercion, or intimidation and violence knew or should have known that emotional distress was the likely result of their conduct.

95. Defendants' SENEGAL and MISSION'S conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

96. The actions of the Defendants were the cause of Plaintiff's distress.

97. Plaintiff is a reasonable person.

98. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable person could be expected to endure. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the Defendants' negligent conduct.

99. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

100. That at all times relevant herein, Defendants MISSION, **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** were acting within the scope of their employment but outside their normal functions and duties, under the authority, and in furtherance of the interest of their employer and/or principal, Defendant SENEGAL.

101. That due to Defendant SENEGAL and/or by through its agents and employees' negligent and outrageous conduct, Plaintiff's physical safety was endangered, in that he was injured in mind and body, still suffers and upon information and belief, will continue to suffer extreme and great mental pain, and he was rendered severely emotionally and mentally distressed and so remains.

102.   That such extreme and outrageous conduct shocks the conscience and Plaintiff demands damages therefor from each Defendant acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to him. The acts and conduct of the Defendants were the direct and proximate cause of injury and damages to him and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and the United States.

103.   Thus, all the Defendants knew or should have known that their conduct would result in the infliction of severe emotional and psychological distress upon Plaintiff.

104.  As a direct and proximate cause of the Defendants SENEGAL and MISSION's negligent conduct, Plaintiff suffered from severe and permanent emotional and psychological distress, including depression, and mental anguish.

105.   That Plaintiff has been damaged and seeks relief and compensation in an amount not in an amount not less than $2,000,000.00 (one million) dollars as to this claim.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF AND HIS CLAIM FOR
### NEGLIGENT HIRING AND RETAINING AS AGAINST
### DEFENDANTS, MISSION AND SENEGAL,

106.   That Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 105, of this Complaint as though fully pleaded and re-alleged in their entirety below.

107.  That the Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** , being instrumentalities, agents, servants and employees, variously and respectively of the Defendant SENEGAL and MISSON, lacked the experience, deportment and ability to be instrumentalized and employed by Defendant SENEGAL; in that Defendant SENEGAL failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant agents of Defendant MISSION and in particular defendants **FALL, MBENGUE, SOCK, NGOM and JOHN**

**DOES#1-2,**  who lacked the mental capacity and the ability to function as instrumentalities, agents, servants and/or employees variously and respectively of Defendant SENEGAL and MISSION; in that the said Defendants, agents, instrumentalities and employees, lacked the maturity, sensibility and intelligence to be employed by Defendant SENEGAL and MISSION, in that Defendants, SENEGAL and MISSION knew of the lack of ability, experience, training deportment and maturity of said Defendant agent, instrumentalities and employees including Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,**  when they established them as agents, employees and/or instrumentalities and/or hired them including Defendant **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** to work in security related capacity ; and, in that Defendant SENEGAL and MISSION, its agents, servants, instrumentalities and/or employees were otherwise careless, negligent and reckless in the operations of Defendant MISSION and/or hiring, supervising and training Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,**

108.  That Defendant SENEGAL and MISSION knew, or should have known in the exercise of reasonable care, the violent propensities of Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,**  to engage in the wrongful conduct heretofore alleged in this Complaint. Thus, Defendants, SENEGAL and MISSION are alleged to have hired defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** negligently and should be held liable for actions stemming from their violent propensities.

109.  That Defendants, SENEGAL and MISSION, may be held liable for negligent hiring and retention by placing defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,**  in positions to cause foreseeable harm or harm that could have been avoided had Defendants taken reasonable care in hiring, training and retaining such defendants.  Defendants SENEGAL and MISSION should have taken reasonable care in determining the propensities and tendencies of Defendants, **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** before employing and or working with them

in general or facilitating their performance of acts within the scope of their employment and or agency but outside of their official duties and functions. Absent reasonable care taken by Defendants, SENEGAL and MISSION, Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** violent conduct was foreseeable and did result in physical harm of the Plaintiff.

110.    That Defendant, SENEGAL and MISSION, and in particular their agents, servants, instrumentalities and employees in their failure to exercise reasonable care to hire and retain, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the lawful residents and citizens of the State of New York and the United States including, in this instance, Plaintiff.

111.    That the Defendant, SENEGAL was careless and reckless in hiring and retaining its employees employed at the Defendant MISSION and in particular, Defendants, **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** in that said Defendants lacked the experience, training, deportment and ability to be employed by the Defendant SENEGAL and MISSION in such security related capacities and functions.

112.    That the Defendant SENEGAL and MISSION failed to exercise due care and caution in its hiring and retaining practices, and in particular, in hiring and retaining the Defendant agents, servants and employees of Defendant MISSION and in particular Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** who lacked the mental capacity and the ability to function as an employee and or agent of the aforementioned Defendants, SENEGAL and MISSION; and in that they hired and retained as an employee or agent of their Permanent MISSION to the United Nations individuals whose backgrounds contained information (based upon information and belief) that revealed said Defendant employees lacked the maturity, training, sensibility, and intelligence to be employed by the Defendant SENEGAL; in that the Defendant SENEGAL knew of the lack of ability, experience, deportment and maturity of said Defendant employees, in particular Defendants **FALL,**

**MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** when they hired them to be employees and or agents; and, in that the Defendant SENEGAL their agents, servants and employees were otherwise careless, negligent, and reckless.

113.   That the aforesaid negligent actions, to wit, the improper and unreasonable hiring and retaining of Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** resulted in injuries to Plaintiff's mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendants SENEGAL and MISSION, its agents, servants and employees without any negligence on the part of Plaintiff.

114.   That by reason of the aforesaid, the Plaintiff was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great physical and mental pain. He was rendered emotionally and mentally distressed and so remains.

115.   That Plaintiff has been damaged and seeks relief and compensation in an amount not not less than $1,000,000.00 (one million) dollars as to this claim.

**<u>AS AND FOR A EIGHTH CAUSE OF ACTION</u>**
**<u>ON BEHALF OF PLAINTIFF</u>**
**<u>AND HIS CLAIM OF NEGLIGENCE IN TRAINING</u>**
**<u>AND SUPERVISING AGAINST</u>**
**<u>DEFENDANTS, MISSION AND SENEGAL</u>**

116.   That Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 108, of this Complaint as though fully pleaded and re-alleged in their entirety below.

117.   That the Defendants MISSION and FALL, being variously, agents, servants, instrumentalities, and employees of the Defendant SENEGAL, lacked the institutional and individual experience, deportment and ability to be established and/or employed by Defendant SENEGAL; in that Defendant SENEGAL failed to exercise due care and caution in its supervising and training practices, and in particular, in supervising and training   Defendant employees of Defendant MISSION, and in particular DefendantS **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** in the proper

manner by which to manage, supervise, control and otherwise address lawful and proper use of force on First Amendment protester at or near its subject premises; in failing to supervise and train said Defendant officials, employee and agents who otherwise lacked the maturity, sensibility and intelligence to be employed by Defendant SENEGAL; and, in that Defendant SENEGAL, its agents, servants and/or employees were otherwise careless, negligent and reckless in supervising and training said officials, agents, personnel and employees in the proper degree of due care which prudent and reasonable individuals would show in addressing such First Amendment protests at or near their subject premises.

118. Defendant SENEGAL knew, or should have known in the exercise of reasonable care in the supervising and training of said Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** lacked the deportment, maturity, sensibility and intelligence to properly conduct themselves from engaging in the wrongful conduct heretofore alleged in this Complaint.

119. That Defendant SENEGAL, their agents, servants and employees in their failure exercise reasonable care to supervise and train said Defendant **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** and/or other security related personnel to manage, control, supervise and otherwise address such First Amendment protests at or near its subject premises as described above, did act willfully, wantonly, maliciously and with such reckless disregard for the consequences as to display a conscious disregard for the dangers of harm and injury to the residents and citizens of the State of New York and the United States including, in this instance, the Plaintiff.

120. That the Defendant, SENEGAL was careless and reckless in training and supervising its employees of Defendant MISSION and in particular Defendant **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** in that said Defendants failed to determine that said Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** lacked the experience, deportment, maturity, sensibility and intelligence to be trained and/or supervised to conduct security related duties by the

Defendant as described above and yet Defendant SENEGAL and MISSION permitted Defendant **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** to incite and make unreasonable and unwarranted contact with the person of the Plaintiff .

121.   That Defendants, SENEGAL and MISSION, failed to provide adequate supervision which would have revealed Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** violent propensities and put Defendants, SENEGAL and MISSION on notice of defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** likelihood to engage in  offensive and distasteful conduct that deviates grossly from the accepted norms of society.

122.   That if Defendants SENEGAL and MISSION had provided adequate supervision to Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** actions would have been foreseeable and expected to occur, which supervision could have  prevented the injuries that Plaintiff sustained.

123.   That the aforesaid occurrence, to wit, the unreasonable and improper manner by which Defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** did conduct themselves by violently confronting Plaintiff  was the result of the improper and unreasonable training and supervising of such an employees, agents and personnel and resulted injuries to Plaintiff's mind and body therefrom were caused wholly and solely by reason of the negligence of the Defendant SENEGAL, its agents, servants instrumentalities and employees without any negligence on the part of the Plaintiff .

124.   That by reason of the aforesaid, Plaintiff was injured in Mind and Body, still suffers and upon information and belief, will continue to suffer great physical and mental pain, and he was rendered emotionally and mentally distressed and so remains.

125.   That Plaintiff has been damaged and seeks relief and compensation in an amount not in an amount not less than $1,000,000.00 (one million) dollars as to this claim

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FOR
## HIS CLAIM OF PRIMA FACIE TORT AS AGAINST
## DEFENDANTS SENEGAL, MISSION, FALL, MBENGUE, SOCK, NGOM AND JOHN
## DOES#1-3,

126.   That Plaintiff, hereby incorporates by reference each and every preceding paragraphs 1 through 125 of this Complaint as though fully pleaded and re-alleged in their entirety below.

127.   That the above described actions of the Defendant SENEGAL, by and through its agents, servants, instrumentalities and employees, including Defendants MISSION **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-2,** did intentionally inflict unwarranted physical and psychological harm upon Plaintiff which resulted in special damages, to wit he suffered from damaged closed nondisplaced fracture of the middle third of the scaphoid of the left wrist; he was unable to continue to exercising his First Amendment rights for over 3 months; was unwarrantedly thwarted from purposefully and lawfully opposing the government of SENEGAL's policies and practices regarding its human rights violations among other wrongful acts of  governance; was unable to work and/or be employed as he once was, and that further such injury occasioned to Plaintiff was with malice and without any excuse or justification when said Defendants' employees, agents, servants and personnel, did unlawfully among other things, impermissibly sought to  harass, intimidate, violently suppress lawful political dissent and most egregiously, deny Plaintiff his First Amendment rights, and thus assaulted, beat and harassed him, causing him to fall to the ground at or near the Defendant's subject premises and to suffer physical and psychological harm thereto.

128.    That Defendants, SENEGAL and MISSION acted so when they had duty of care to avoid such acts and knew, or should have known, that these acts were wrong and malicious and not to be expected or to be tolerated in a civilized society.

129.    That the acts of the  Defendant, SENEGAL and MISSION through its  employees and agents was done solely  with intent to inflict  injury upon the  Plaintiff, and did so;  that  said acts were unjustified

and  caused the Plaintiff to incur special damages as described herein; that said acts of Defendants to manage, control, supervise Plaintiff's First Amendment protest, would, if done without the intent to harm and injure the Plaintiff and done in a reasonable, civilized and proper manner be otherwise lawful and proper where said Defendants were threatened and/or facing violence on the part of Plaintiff during his protest.

130.    That the acts of pushing, assaulting, beating, harassing, intimidating and violently suppressing lawful political protest of Plaintiff by Defendants was unlawful and constitute a Prima Facie tort under the laws of the State of New York.

131.    That Defendants, SENEGAL & MISSION, breached their duty to protect Plaintiff by failing to intervene after creating a danger by exposing Plaintiff to defendants **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,** . This breach is indicative of an intent to cause intentional harm because Defendants did not act in order to prevent injury or any further injury. Defendants knew or should have known that their failure to act would and did cause the Plaintiff to sustain legally cognizable injuries. Defendant's actions, without excuse and justification, evinces an intent to cause harm and caused harm, thereby constituting a prima facie tort.

132.    That Plaintiff has been damaged and seeks relief and compensation in an amount not less than $10,000,000.00 (ten million) dollars as to this claim.


        **WHEREFORE**, the Plaintiff demands judgment against the Defendants SENEGAL, MISSION, **FALL, MBENGUE, SOCK, NGOM and JOHN DOES#1-3,**  in an aggregate amount of not less than $22,000,000.00 (twenty two million) dollars and punitive damages as to Defendants MISSION and FALL, together with the costs and disbursements of this action and any other such relief as this honorable Court may deem just, fair and proper, to wit.


Dated: New York New York
         September 22, 2022

*Rehan Nazrali Esq*

_____

REHAN NAZRALI, Esq.
299 Broadway, 17th Floor
New York, NY 10007
Tel: (646)331-9378